**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | |
|---|---|
| XOCHITL DIAZ, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § No. |
| | § |
| COMERCIAL RECOVERY SYSTEMS, INC., | § |
| | § |
| Defendant. | § |

**PLAINTIFF'S COMPLAINT**

XOCHITL DIAZ ("Plaintiff"), through her attorneys, KROHN & MOSS, LTD., alleges the following against COMERCIAL RECOVERY SYSTEMS, INC. ("Defendant"):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

2. Count II of Plaintiff's Complaint is based on Texas Statute, Financial Code § 392.302, *et seq*. ("Texas Financial Code").

**JURISDICTION and VENUE**

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business and is principally located in the State of Texas establishing personal jurisdiction.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person residing in Laredo, Webb County, Texas.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3) and Texas Financial Code § 392.001(1).

8. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5) and Texas Financial Code § 392.001(2).

9. Defendant is a business entity with an office located at 8035 East R. L. Thornton Freeway, Suite 200, Dallas, Texas 75228.

10. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6) and Texas Financial Code § 392.001(6).

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. Defendant contacted Plaintiff attempting to collect a debt on behalf of a lender for a loan which Plaintiff used for the purchase of a vehicle.

13. In its collection attempts, Defendant placed telephone calls to Plaintiff at (956) 220-28xx, (956) 237-16xx and (956) 727-25xx.

14. Defendant started placing its collection calls around the middle of January 2013.

15. Plaintiff answered one of Defendant's initial collection calls and was informed by Defendant's employee that Defendant was collecting a debt for a loan made to Plaintiff.

16. During subsequent collection calls, Defendant left voice messages if Plaintiff was not able to answer the telephone. *See* transcribed message, attached hereto as Exhibit A.

17. Defendant's message suggests legal action has been taken against Plaintiff by

claiming that an "affidavit of complaint" has been filed against Plaintiff, informing Plaintiff that the matter would be processed in Webb County, providing Plaintiff with a "case number" and instructing Plaintiff or her "legal attorneys" to call Defendant.  *See* Exhibit A.

18. Upon information and belief, neither Defendant nor its client has filed any lawsuit or otherwise taken any legal action against Plaintiff with respect to the debt.

19. Defendant never identified its company name in its message.  *See* Exhibit A.

20. Defendant also failed to inform Plaintiff that it is a debt collector.  See Exhibit A.

21. Defendant withheld that the true purpose and nature of its call was to attempt to collect a debt from Plaintiff.  *See* Exhibit A.

22. Defendant's message suggested that a lawsuit has been, or is about to be filed, against Plaintiff and further attempted to exaggerate the purported severity of its call by suggesting that Plaintiff's "legal attorney" should call Defendant.  *See* Exhibit A.

23. Defendant used false, deceptive and misleading representations in connection with its attempts to collect the alleged debt by suggesting legal action has been, or will be, taken, by not disclosing the true purpose of its phone call and by not disclosing that it is a debt collector in order to deceive Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

24. Defendant violated the FDCPA based on the following:

   a. Defendant violated § 1692d of the FDCPA by engaging in conduct the natural consequence of which is harassing and annoying;

   b. Defendant violated § 1692d(6) of the FDCPA by leaving a message without providing meaningful disclosure of its identity;

    c. Defendant violated § 1692e of the FDCPA by using false, deceptive or misleading representation with the collection of the debt;

    d. Defendant violated § 1692e(5) of the FDCPA threatening action that cannot, or is not intended, to be taken;

    e. Defendant violated § 1692e(10) of the FDCPA by using false representations and/or deceptive means to attempt to collect a debt; and

    f. Defendant violated § 1692e(11) of the FDCPA by failing to disclose in its communication with Plaintiff that it is a debt collector.

WHEREFORE, Plaintiff, XOCHITL DIAZ, respectfully requests judgment be entered against Defendant, COMERCIAL RECOVERY SYSTEMS, INC., for the following:

25. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

26. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

27. Any other relief that this Honorable Court deems appropriate.

### COUNT II:
### DEFENDANT VIOLATED
### THE TEXAS FINANCIAL CODE

28. Defendant violated Texas Financial Code based on, but not limited to, the following:

    a. Defendant violated § 392.302(2) of the Financial Code by placing telephone calls without disclosing itself;

    b. Defendant violated § 392.304(8) of the Financial Code by misrepresenting the character of the debt and/or misrepresenting the debt's status;

    c. Defendant violated § 392.304(a)(19) of the Financial Code by using deceptive

means to collect a debt.

WHEREFORE, Plaintiff, XOCHITL DIAZ, respectfully requests judgment be entered against Defendant, COMERCIAL RECOVERY SYSTEMS, INC., for the following:

29. Injunctive relief pursuant to Texas Financial Code § 392.403(a)(1), to prevent Defendant from further violating the Texas Financial Code.

30. Costs and reasonable attorneys' fees pursuant to Texas Financial Code § 392.403(b).

31. Any other relief that this Court deems appropriate.

Dated: March 22, 2013                RESPECTFULLY SUBMITTED,

                                     KROHN & MOSS, LTD.


                        By:  /s/ Douglas Baek

                             Douglas Baek
                             CA Bar No. 258321
                             Krohn & Moss, Ltd.
                             10474 Santa Monica Blvd., Suite 405
                             Los Angeles, CA 90025
                             Tel: 323-988-2400 x244
                             Fax: 866-829-5083
                             dbaek@consumerlawcenter.com
                             Attorney for Plaintiff