**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| XOCHITL DIAZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.  5:13-cv-00053 |
| | § | |
| SIMM ASSOCIATES, INC., | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

NOW COMES Plaintiff, XOCHITL DIAZ ("Plaintiff"), by and through her attorneys, KROHN & MOSS, LTD., and hereby submits the following Motion for Default Judgment against Defendant, SIMM ASSOCIATES, INC. ("Defendant").

**I.    BACKGROUND**

1.    Plaintiff filed a Two-count Complaint against Defendant on October 22, 2012. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 *et seq.*, and Count II of Plaintiff's Complaint is based on the Texas Statute, Financial Code § 392.302, *et seq.* ("Texas Financial Code"). [Docket Entry 1].   In her Complaint, Plaintiff alleges: (1) Defendant contacted Plaintiff attempting to collect a debt on behalf of a lender for a loan which Plaintiff used for the purchase of a vehicle; (2) In its collection attempts, Defendant placed telephone calls to Plaintiff at (956) 220-28xx, (956) 237-16xx and (956) 727-25xx; (3) Defendant started placing its collection calls around the middle of January 2013; (4) Plaintiff answered one of Defendant's initial collection calls and was informed by Defendant's employee that Defendant was collecting a debt for a loan made to Plaintiff; (5) During subsequent collection calls, Defendant left voice messages if Plaintiff was

not able to answer the telephone; (6) Defendant's message suggests legal action has been taken against Plaintiff by claiming that an "affidavit of complaint" has been filed against Plaintiff, informing Plaintiff that the matter would be processed in Webb County, providing Plaintiff with a "case number" and instructing Plaintiff or her "legal attorneys" to call Defendant; (7) Upon information and belief, neither Defendant nor its client has filed any lawsuit or otherwise taken any legal action against Plaintiff with respect to the debt; (8) Defendant never identified its company name in its message;  (9) Defendant also failed to inform Plaintiff that it is a debt collector; (10) Defendant withheld that the true purpose and nature of its call was to attempt to collect a debt from Plaintiff; (11) Defendant's message suggested that a lawsuit has been, or is about to be filed, against Plaintiff and further attempted to exaggerate the purported severity of its call by suggesting that Plaintiff's "legal attorney" should call Defendant; and (12) Defendant used false, deceptive and misleading representations in connection with its attempts to collect the alleged debt by suggesting legal action has been, or will be, taken, by not disclosing the true purpose of its phone call and by not disclosing that it is a debt collector in order to deceive Plaintiff.  [Complaint-Doc. 1 at ¶¶ 12-23].

Defendant was served with a summons and Plaintiff's Complaint on April 16, 2013, and Plaintiff filed a Proof of Service with this Court on April 25, 2013.  [Doc. 3-Return of Service Executed].  Because Defendant did not respond to Plaintiff's Complaint within the time and in the matter provided by Fed. R. Civ. P. 12, Plaintiff requested this Court for an Entry of Default on May 14, 2013.  [Doc. 4].  On May 15, 2013, the Clerk of this Honorable Court entered an order defaulting Defendant pursuant to Fed. R. Civ. P 55(a).  [Doc. 5].

Plaintiff hereby states the following: (1) On May 15, 2013, the Clerk of this Honorable Court entered an order defaulting Defendant for Defendant's failure to respond to Plaintiff's

Complaint; (2) The defaulting party is not an infant or an incompetent person; (3) The Servicemembers Civil Relief Act (50 App. U.S.C. §521) does not apply; and (4) Notice has been served on Defendant, the defaulting party, by means specified in the Proof of Service filed with this Court on April 25, 2013 at [Doc. 3]. Accordingly, Plaintiff seeks default against Defendant in the amount of four thousand six hundred and eighty-five dollars ($4,685.00), representing statutory damages in the amount of one thousand dollars ($1,000.00), 15 U.S.C. § 1692(k)(a)(2)(A), three thousand three hundred and thirty five dollars ($3,335.00) in Attorney's fees plus three hundred and fifty dollars ($350.00) in costs, 15 U.S.C. § 1692(k)(a)(3).

## II.    PLAINTIFF'S COMPLAINT STATES A VIABLE CAUSE OF ACTION

On May 15, 2013, this Honorable Court entered an order granting Plaintiff's request for entry of default. [Doc. 5]. Pursuant to Federal Rule of Civil Procedure 55(b)(1), Plaintiff respectfully requests this Honorable Court to enter default judgment against Defendant, the defaulted party.

> A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules. An entry of default is what the clerk enters when the default is established by affidavit or otherwise. Fed.R.Civ.P.55(a). After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a default judgment.

*New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir.1996). The entry of a default judgment is within the discretion of the district court. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir.2001). As stated by the Fifth Circuit: "Default judgments . . . are 'available only when the adversary process has been halted because of an essentially unresponsive party.'" *Sun Bank of Ocala v. Pelican Homestead and Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir.1989)(quoting *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C.Cir.1973)). "[A default judgment] is only appropriate where there has been a clear record of delay or

contumacious conduct." *E.F. Hutton & Co. v. Moffatt*, 460 F.2d 284, 285 (5th Cir.1972).  "A party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir.1996).  Rather, there must be a sufficient basis in the pleadings for granting a default judgment. *Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975).

In her Complaint, Plaintiff alleges: (1) Defendant contacted Plaintiff attempting to collect a debt on behalf of a lender for a loan which Plaintiff used for the purchase of a vehicle; (2) In its collection attempts, Defendant placed telephone calls to Plaintiff at (956) 220-28xx, (956) 237-16xx and (956) 727-25xx; (3) Defendant started placing its collection calls around the middle of January 2013; (4) Plaintiff answered one of Defendant's initial collection calls and was informed by Defendant's employee that Defendant was collecting a debt for a loan made to Plaintiff; (5) During subsequent collection calls, Defendant left voice messages if Plaintiff was not able to answer the telephone; (6) Defendant's message suggests legal action has been taken against Plaintiff by claiming that an "affidavit of complaint" has been filed against Plaintiff, informing Plaintiff that the matter would be processed in Webb County, providing Plaintiff with a "case number" and instructing Plaintiff or her "legal attorneys" to call Defendant; (7) Upon information and belief, neither Defendant nor its client has filed any lawsuit or otherwise taken any legal action against Plaintiff with respect to the debt; (8) Defendant never identified its company name in its message;  (9) Defendant also failed to inform Plaintiff that it is a debt collector; (10) Defendant withheld that the true purpose and nature of its call was to attempt to collect a debt from Plaintiff; (11) Defendant's message suggested that a lawsuit has been, or is about to be filed, against Plaintiff and further attempted to exaggerate the purported severity of its call by suggesting that Plaintiff's "legal attorney" should call Defendant; and (12) Defendant

used false, deceptive and misleading representations in connection with its attempts to collect the alleged debt by suggesting legal action has been, or will be, taken, by not disclosing the true purpose of its phone call and by not disclosing that it is a debt collector in order to deceive Plaintiff.  [Complaint-Doc. 1 at ¶¶ 12-23].

Under § 1692d of the FDCPA a debt collector cannot engage in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a consumer debt. Under § 1692d(6) of the FDCPA a debt collector cannot leave a message for Plaintiff without providing meaningful disclosure of its identity.  Under § 1692e of the FDCPA a debt collector cannot use false, deceptive or misleading representations with the collection of the debt.  Under § 1692e(5) of the FDCPA a debt collector cannot threaten action that cannot, or is not intended, to be taken.  Under § 1692e(10) of the FDCPA by using false representations and/or deceptive means to attempt to collect a debt.  Under § 1692e(11) of the FDCPA a debt collector cannot fail to disclose in its communication with Plaintiff that it is a debt collector.  Plaintiff alleges that Defendant: engaged in harassing conduct, and repeatedly caused Plaintiff's telephone to ring; left a message for Plaintiff without meaningful disclosure of its identity; used false, deceptive and misleading representations; threatened action that cannot, or is not intended, to be taken; used false representations and/or deceptive means to attempt to collect a debt; and failed to disclose in its communication with Plaintiff that it is a debt collector. Plaintiff's Complaint demonstrates that Defendant violated the FDCPA and therefore provides a basis for default judgment to be entered.

## III.    PLAINTIFF'S REQUEST FOR MONETARY JUDGMENT IS  REASONABLE

Accordingly, Plaintiff seeks default against Defendant in the amount of four thousand six hundred and eighty-five dollars ($4,685.00), representing statutory damages in the amount of

one thousand dollars ($1,000.00), 15 U.S.C. § 1692(k)(a)(2)(A), three thousand three hundred and thirty five dollars ($3,335.00) in Attorney's fees plus three hundred and fifty dollars ($350.00) in costs, 15 U.S.C. § 1692(k)(a)(3).

### A. PLAINTIFF'S REQUEST FOR STATUTORY DAMAGES IS REASONABLE

The FDCPA allows "in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00" 15 U.S.C. § 1692k(2)(A). Plaintiff respectfully submits that she is entitled to relief because his claims are well-pled and establish Defendant's violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692 *et seq*. First, Plaintiff notes that proof **of only one violation** is sufficient to support judgment for Plaintiff. *Bentley v. Great Lakes Collection Bureau, Inc.*, 6 F.3d 60 (2nd Cir. 1993). In determining the amount of liability in an individual action under the FDCPA, the court may look to, among other relevant factors, the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional. 15 U.S.C. § 1692k(b)(2)

Plaintiff alleges that Defendant: engaged in harassing conduct, and repeatedly caused Plaintiff's telephone to ring; left a message for Plaintiff without meaningful disclosure of its identity; used false, deceptive and misleading representations; threatened action that cannot, or is not intended, to be taken; used false representations and/or deceptive means to attempt to collect a debt; and failed to disclose in its communication with Plaintiff that it is a debt collector. Plaintiff's Complaint demonstrates that Defendant violated the FDCPA and therefore provides a basis for default judgment to be entered.

Defendant's conduct was therefore in clear violation of §§1692d, 1692d(6), 1692e, 1692e(5), 1692e(10), and 1692e(11) of the FDCPA. Finally, Defendant's conduct was

intentional, as there is nothing to suggest that Defendant's behavior was unintentional or the result of a mistake.

Plaintiff has attached FDCPA cases throughout the country where Federal District Courts have granted default judgments against debt collectors and awarded plaintiffs statutory damages and Attorney's fees and costs.  These cases are briefly outlined below:

**1.** *Vaughn v. Robert James & Associates*, **4:11-cv-01819 (December 9, 2011).**  The plaintiff's complaint alleged that Defendant violated §§ 1692d and 1692d(5) of the FDCPA. Judge Nancy Atlas, in the Southern District of Texas, entered default judgment against the defendant and awarded the plaintiff the maximum statutory damages and the plaintiff's full amount of Attorney's fees and costs.  That is, the plaintiff received $1,000.00 in statutory damages, $4,093.00 in Attorney's fees, plus $410.00 in costs, for total judgment of $5,093.00. *See* Final Order of Judgment attached as Exhibit C.

**2.** *Rivera, v. National Check Processing*, **5:10-cv-00605-XR (March 17, 2011).**  The plaintiff's complaint alleged that the defendant violated §§ 1692e(5) and 1692e(7) of the FDCPA.  Judge Xavier Rodriguez, in the Western District of Texas, entered default judgment against the defendant and awarded the plaintiff the maximum statutory damages and the plaintiff's full amount of Attorney's fees and costs.  That is, the plaintiff received $1,000.00 in statutory damages, $3,667.50 in Attorney's fees, and $910.00 in costs, for a total judgment of $5,577.50.  *See* Order attached as Exhibit D.

**3.** *Sampson v. Brewer, Michael & Kane, LLC*, **6:09-CV-2114-Orl-31DAB (May 26, 2010).**  The plaintiff's complaint alleged that Defendant violated §§ 1692d(5) and 1692e(5), among others, of the FDCPA.  Judge David A. Baker, in the Middle District of Florida, entered a Report and Recommendation, adopted by the District Judge, entering default judgment against

the defendant and awarding the plaintiff the maximum statutory damages and the plaintiff's full amount of Attorney's fees and costs.  That is, the plaintiff received $1,000.00 in statutory damages, $2,415.00 in Attorney's fees, and $411.61 in costs, for a total judgment of $3,826.61. *See* Report and Recommendation attached as Exhibit E.

**4. *Gilmore v. A&S Collection Associates, Inc.,* 2:09-CV-04005-GAF-(JCx) (Jan. 29, 2010).** The plaintiff's complaint alleged that the defendant violated § 1692e(5) of the FDCPA and § 1788.10(e) of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq.*  Judge Gary Allen Fees, in the Central District of California, entered default judgment against the defendant and awarded the plaintiff the maximum statutory damages and the plaintiff's full amount of Attorney's fees and costs.  That is, the plaintiff received $2,000.00 in statutory damages, $2,678.20 in Attorney's fees, and $350.00 in costs, for a total judgment of $5,028.20.  *See* Memorandum and Order Regarding Plaintiff's Motion for Default Judgment attached as Exhibit F.

**5. *McDonald v. Cred X Debt Recovery, LLC,* 2:09-cv-01913-ROS (Nov. 17, 2010).** The plaintiff's complaint alleged that the defendant violated multiple sections of the FDCPA. Judge Roslyn O. Silver, in the District of Arizona, entered default judgment against the defendant and awarded the plaintiff the maximum statutory damages and the plaintiff's full amount of Attorney's fees and costs.  That is, the plaintiff received $1,000.00 in statutory damages, $2,901.50 in Attorney's fees, and $451.61 in costs, for a total judgment of $4,353.11. *See* Default Judgment Order attached as Exhibit G.

**6. *Budd v. SRS & Associates,* 10-1770-GEB-KJM (Nov. 9, 2010).**  The plaintiff's complaint alleged that the defendant violated multiple sections of the FDCPA and the RFDCPA. Judge Kimberly J. Mueller, in the Eastern District of California, entered Findings and

Recommendations, adopted by the Court, entering default judgment against the defendant and awarding Plaintiff the maximum statutory damages and Plaintiff's full amount of Attorney's fees and costs.   That is, the plaintiff received $2,000.00 in statutory damages, 2,718.50 in Attorney's fees, and 410.00 in costs, for a total judgment of $5,128.50.   *See* Findings and Recommendations attached as Exhibit H.

      **7.** *Edwards v. Midpoint Resolutions Group*, **09-3007-GAF (VBKx) (Nov. 24, 2009).** The plaintiff's complaint alleged that the defendant violated multiple sections of the FDCPA and the RFDCPA.   Judge Gary Allen Fees, in Central District of California, entered default judgment against the defendant and awarded the plaintiff the maximum statutory damages and the plaintiff's full amount of Attorney's fees and costs.   That is, the plaintiff received $2,000.00 in statutory damages, 2,599.30 in Attorney's fees, and 410.00 in costs, for a total judgment of $5,009.30.   *See* Memorandum and Order Regarding Plaintiff's Motion for Entry of Default Judgment against Defendant attached as Exhibit I.

      **8.** *Middlesworth v. Oaktree Collections, Inc.*, **1:09-CV-601-SMS (November 3, 2009).** The plaintiff's amended complaint alleged that the defendant violated multiple sections of the FDCPA.   Judge Oliver W. Wanger, in the Eastern District of California, entered default judgment against the defendant and awarded Plaintiff the maximum statutory damages and the plaintiff's full amount of Attorney's fees and costs.   That is, the plaintiff received $1,000.00 in statutory damages, $3,114.90 in Attorney's fees, and $485.68 in costs, for a total judgment of $4,600.58.   *See* Memorandum Decision and Order Re Application for Default Judgment attached as Exhibit J.

      **9.** *Harris v. Becks Creek Industries, Inc.*, **08-cv-01253-CJC-RNB (October 21, 2009).** The plaintiff's complaint alleged that the defendant violated multiple sections of the FDCPA

and the RFDCPA.  Judge Cormac J. Carney, in the Central District of California, entered default judgment against the defendant and awarded the plaintiff the maximum statutory damages and the plaintiff's full amount of Attorney's fees and costs.  That is, the plaintiff received $2,000.00 in statutory damages, $5,917.10 in Attorney's fees, and $553.00 in costs, for a total judgment of $8,470.60.  *See* Order Granting Plaintiff's Motion for Attorney's Fees attached as Exhibit K.

10. ***Karambiri v. Maximum Recovery Solutions, Inc., 09-918-PHX-NVW (Sept. 16, 2009).***  The plaintiff's complaint alleged that the defendant violated multiple sections of the FDCPA, including *§1692d(5) and §1692e(5)*.  Judge Neil V. Wake, in the District of Arizona, entered default judgment against the defendant and awarded the plaintiff the maximum statutory damages and the plaintiff's full amount of Attorney's fees and costs.  That is, the plaintiff received $1,000.00 in statutory damages, $2,847.90 in Attorney's fees, and $350.00 in costs, for a total judgment of $4,197.90.  *See* Order attached as Exhibit L.

In the instant case, Plaintiff has alleged violations of FDCPA Defendant's conduct was therefore in clear violation of §§1692d, 1692d(6), 1692e, 1692e(5), 1692e(10), and 1692e(11) of the FDCPA.  Just as set forth in the facts of the attached cases, the merits of Plaintiff's claims are based on the facts set forth in her Complaint, specifying the nature and quality of Defendant's contacts with Plaintiff in its unlawful attempts to collect an alleged debt.  Therefore, a statutory award of $1,000.00 to Plaintiff in this case is permissible and appropriate based upon the factual allegations in Plaintiff's Complaint.

### B.  PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES AND COSTS IS REASONABLE

Plaintiff requests Attorney's fees and requests this Honorable Court to determine Plaintiff's Attorney's fees.  Plaintiff is entitled to Attorney's fees and costs in the amount of $3,165.50, based on the reasons set forth below.

1.    **PLAINTIFF IS ENTITLED TO COSTS AND ATTORNEY'S FEES PURSUANT TO THE FDCPA.**

"Attorneys' fees requests in the Fifth Circuit are governed by the 'lodestar' analysis.'" *Turner v. Oxford Management Services, Inc.,* 552 F.Supp.2d 648, 650 (S.D. TX 2008) citing *Forbush v. J.C. Penney Co.*, 98 F.3d 817, 821 (5th Cir.1996). "The lodestar is the product of the number of hours reasonably expended on the litigation by the movant's attorney(s) and the attorney(s)' reasonable hourly billing rate." *Turner,* 552 F. Supp. at 650 citing *Tyler v. Union Oil Co. of Cal.*, 304 F.3d 379, 404 (5th Cir.2002) and *Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir.1996). "In setting a reasonable billing rate, courts are directed to consider the attorney(s)' regular rates as well as the rate 'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Turner,* 552 F. Supp. at 650 citing *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984) and *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir.1995). Where "the attorney's normal billing rate is within the range of market rates for attorneys with similar skill and experience, and the trial court chooses a different rate, the court must articulate its reasons for doing so." *Islamic Center of Miss. v. Starkville*, 876 F.2d 465, 469 (5thCir.1989).

In the instant case, Plaintiff requests an award of her Attorney's fees and costs because the statutory language of the FDCPA, and the public policy considerations in support of this Act, entitle Plaintiff to recover Attorney's fees. 15 U.S.C. §1692k(a) states:

> [A]ny debt collector who fails to comply with any provision of this subchapter with respect to any person is liable . . . in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

The Fifth Circuit in particular has upheld the district court's award of Attorney's fees to the consumer in an FDCPA case:

> The FDCPA provides that the person who recovers damages for a statutory violation . . . should recover a reasonable attorney's fee.7 15 U.S.C. § 1692k(a)(3); see also *Shula v. Lawent*, 359 F.3d 489, 492 (7th Cir.2004) (holding that under the FDCPA, attorneys' fees should be awarded to the client instead of the attorney "especially since it is standard for fee-shifting statutes to award attorneys' fees as part of the costs normally awarded a prevailing party").

*Hester v. Graham, Bright & Smith, PC*, 289 Fed.Appx. 35, 44 (2008) citing *Pope v. Man-Data, Inc*., 209 F.3d 1161, 1164 (9th Cir.2000) (holding that prevailing party asserting an FDCPA claim was entitled to an award of attorneys' fees on appeal).

Federal courts have long recognized the importance of the fee-shifting provision of the FDCPA, as well as the public policies behind it.  In *Tolentino v. Friedman*, the court affirmed that a separate award for costs and fees is mandatory:

> Given the structure of the section, attorneys' fees should not be construed as a special or discretionary remedy; rather, the act mandates an award of attorneys' fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general.

*Tolentino v. Friedman*, 46 F.3d 645, 651-652 (7th Cir.1995). *See also Graziano v. Harrison*, 950 F.2d 107 (3d Cir.1991) (noting that the FDCPA mandates an award of attorneys' fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general).  The *Tolentino* Court also noted Congress's specific intent to allow an individual plaintiff the ability to pursue an action where the burden of fees and costs would otherwise economically preclude this type of rights enforcement.  *Tolentino* at 652 *citing City of Riverside v. Rivera*, 477 U.S. 561 (1986).  "Unlike most private tort litigants, a plaintiff who brings an FDCPA action seeks to vindicate important rights that cannot be valued solely in monetary terms and congress has determined that the public as a whole has an interest in the vindication of the statutory rights."  *Id.*  The FDCPA mandates that the recovery of Plaintiff's Attorney's fees and costs is integral to the success of the policy goals of the FDCPA.  Therefore,

Plaintiff should be awarded reasonable Attorney's fees and costs as determined by this Honorable Court.  *See*, e.g., *Webb v. James*, 147 F.3d 617 (7th Cir. 1998) (awarding Attorney's fees under the underlying statute after plaintiff accepted defendant's Federal Rule 68 Offer of Judgment).

Finally, district courts in the Fifth Circuit have recognized that proportionality between the plaintiff's award and Attorney's fees is not the norm in consumer protection cases.  "The disparity between the final award of damages and the attorneys' fees and expenses sought in this case is not unusual and is necessary to enable individuals wronged by debt collectors to obtain competent counsel to prosecute claims."  *Turner,* 552 F. Supp. at 656 (refusing defendant's request to lower the loadstar amount).  *See also McNeill v. Graham, Bright & Smith, P.C.*, 2006 WL 1489502, (N.D. TX 2006) ("15 U.S.C. § 1692k(a)(3) **requires** this Court to award McNeill reasonable attorney's fees resulting from GBS and Shytles' violation of the FDCPA.") citing *Graziano v. Harrison*, 950 F.2d 107, 113 (3rd Cir.1991) (finding an award of attorney's fees mandatory even where violations were so minimal that statutory damages were not warranted).  As such, the fees awarded should not be reduced to maintain some ratio between the attorneys' fees and underlying compensatory damages.  *See Bryant v. TRW*, 689 F.2d 72 (6th Cir. 1982); *Washington v. Philadelphia County Court of Common Pleas*, 89 F.3d 1031, 1041-42 (3d Cir. 1996);  *Jones v. Credit Bureau of Greater Garden City*, 1989 WL 134945 (D. Kan. 1989);  and *Northrup v. Hoffman of Simsbury, Inc.*, 2000 WL 436612 (D. Conn. 2000).[1]

---

[1] *See also Goins v. JBC & Associates, P.C.,* 2006 WL 540332, at *3 (D. Conn. Mar. 6, 2006) (FDCPA plaintiff's counsel awarded $23,421.00 in fees and $895.19 in costs where underlying matter was settled for $1,500.00); *Dechert ex rel. Estate of Oyler v. The Cadle Co.*, 2004 WL 2999112 (S.D. Ind. Nov. 10, 2004) (FDCPA plaintiff awarded $54,391 in fees on a $1,000.00 statutory recovery); *Gradisher v. Check Enforcement Unit*, 2003 WL 187416 (W.D. Mich. Jan. 22, 2003) (attorney's fees award of $69,872.00 where plaintiff recovered FDCPA statutory damages of $1,000.00); *Armstrong v. Rose Law Firm, P.A.*, 2002 WL 31050583 (D. Minn. Sept.

2. **PLAINTIFF IS ENTITLED TO ATTORNEY'S FEES AND COSTS BECAUSE PLAINTIFF IS THE PREVAILING PARTY IN THIS ACTION.**

"[I]n order to encourage private enforcement of the law . . . Congress legislated that in certain cases prevailing parties shall recover their Attorney's fees from the opposing side.  When a statute provides for such fees, it is termed a 'fee-shifting' statute.  The FDCPA is one such statute, providing that any debt collector who fails to comply with its provisions is liable in the case of any successful action ... [for] the costs of the action, together with a reasonable Attorney's fee as determined by the Court."  *Camacho* at 978 *citing Staton v. Boeing Co.*, 327 F.3d 938 (9th Cir.2003) and 15 U.S.C. § 1692k(a)(3)).

In support of this Congressional mandate, federal appellate courts have long upheld a plaintiff's recovery of Attorney's fees and costs after the entry of judgment in plaintiff's favor. *See*, e.g., *Webb v. James*, 147 F.3d 617 (7th Cir. 1998) (awarding Attorney's fees under the underlying statute after plaintiff accepted defendant's Federal Rule 68 Offer of Judgment) and *Nusom v. Comh Woodburn, Inc.*, 122 F.3d 830 (9th Cir. 1997) (same).

3. **PUBLIC POLICY SUPPORTS AN AWARD OF ATTORNEY'S FEES AND COSTS.**

"The FDCPA was enacted to eliminate abusive debt collection practices by debt collectors, to insure those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.  Congress found such abuses by debt collectors to be

---

5, 2002) (attorney's fee award of $43,180.00 where plaintiff recovered the maximum FDCPA statutory damages of $1,000.00); *Minnick v. Dollar Financial Group, Inc.*, Civ. No. 02-1291, 2002 WL 1023101, 52 Fed. R. Serv.3d 1347 (E.D. Pa. May 20, 2002) (consumer-plaintiff in FDCPA action awarded $7,208.50 in fees and costs after accepting $2,000 offer of judgment); and *Norton v. Wilshire Credit Corp.*, 36 F.Supp. 2d 216 (D.N.J. 1999) (court awarded $57,000.00 in fees for $5,800.00 award to plaintiff in FDCPA action).

serious and widespread." *Foti v. NCO Financial Systems, Inc.*, 424 F.Supp.2d 643, 653 (S.D.N.Y. 2006) *citing* 15 U.S.C. § 1692(e) and *Russell v. Equifax A.R.S.*, 74 F.3d 30, 33 (2d Cir.1996).[2]  The fee-shifting provision contained in the FDCPA, therefore, enables consumers to vindicate their personal rights, while benefitting society in general, and thus, resulting in greater deterrence of fraudulent and deceptive business practices.

Further, the difficulty in private attorneys general actions, such as the FDCPA and similar state enacted statutes, is that the potential for recovery is not clear at the time the litigation is commenced, unlike, for example, in personal injury actions.  *Bowers v. Transamerica Title Insurance Company*, 675 P.2d 193, 204 (Wash. 1983).  Additionally, the amount in controversy is usually too small to induce an attorney to commence litigation on a contingency-fee agreement.  Accordingly, "[T]he purpose of the statutory fee award is to benefit the plaintiff by allowing the plaintiff to obtain counsel in order to pursue redress for relatively small claims." *Majcher v. Laurel Motors, Inc.*, 287 Ill.App.3d 719, 680 N.E.2d 416 (Ill. Ct. App. 1997); *See also Ford Motor Co. v. Mayes*, 575 S.W.2d 480, 488 (Ky. Ct. App. 1978).  By providing the private bar with an incentive to involve itself in consumer litigation through a fee-shifting provision, the government is relieved of the costs of protecting consumers while ensuring that consumers may still avail themselves of their statutory rights.

Without a sufficient award of Attorney's fees and costs, the statutory remedy would simply not make the consumer whole as the average consumer would simply be unable to pay his or her Attorney's fees and costs.  This result would create a deterrent for the private bar to pursue

---

[2] Pursuant to the express intent of Congress in enacting the FDCPA, "It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e).

an action for which Congress has so emphatically dictated the importance.  This sort of "chilling effect" would counter the purpose of the statute, which, when coupled with the provision awarding Attorney's fees, "is to encourage consumers to file actions to vindicate their rights." *Grove v. Huffman*, 262 Ill. App.3d 531, 539, 634 N.E. 2d 1184, 1190 (Ill. Ct. App. 1994).  The Attorney's-fees provision is in place to remove the difficulty of obtaining counsel in pursuing claims which are relatively small compared to potential legal costs.  *Id.* at 539.  As a result, public policy dictates that Attorney's fees should be paid by the Defendant.

4.   **IN CONSUMER PROTECTION ACTIONS IT IS <u>NOT</u> APPROPRIATE TO ASSESS A FEE AWARD BASED UPON THE PROPORTIONALITY OF THE ATTORNEY'S FEES EXPENDED TO THE AMOUNT OF PLAINTIFF'S RECOVERY.**

Courts throughout the nation have recognized that in consumer actions, it is not appropriate to calculate an award of Attorney's fees based upon the amount recovered by the plaintiff.  The fact that the amount recovered by the plaintiff may be disproportionate to the amount of Attorney's fees sought does not make the fees expended unreasonable.  As such, the fees awarded should not be reduced to maintain some ratio between the Attorney's fees and underlying compensatory damages.  *See Bryant v. TRW*, 689 F.2d 72 (6th Cir. 1982); *Washington v. Philadelphia County Court of Common Pleas*, 89 F.3d 1031, 1041-42 (3d Cir. 1996); *Jones v. Credit Bureau of Greater Garden City*, 1989 WL 134945 (D. Kan. 1989);  and *Northrup v. Hoffman of Simsbury, Inc.*, 2000 WL 436612 (D. Conn. 2000).

5.   **THE RATES SOUGHT BY PLAINTIFF'S ATTORNEYS ARE REASONABLE AND COMMENSURATE WITH THEIR EXPERIENCE IN THE FIELD OF CONSUMER PROTECTION.**

Plaintiff seeks an award of Attorney's fees in the amount of $3,335.00 and costs in the amount of $350.00, comprised of 11.2 hours of attorney and paralegal/clerk time at hourly rates ranging from $145.00 per hour to $387.00 per hour.  *See* Statement of Services attached as

Exhibit A.  Specifically, Plaintiff seek to recover Attorney's fees for Attorney's fees for Ryan Lee a rate of $387.00 per hour for 2.5 hours; Attorney's fees for Douglas Baek at a rate of $285.00 per hour for 4.4 hours; Attorney's fees for Rory Leisinger at a rate of $285.00 per hour for 2.1 hours; Attorney's fees for Jessica Pascale at a rate of $285.00 per hour for 1.9 hours and fees for work by paralegals at $145.00 per hour for 0.8 hours.  Plaintiff respectfully submits that this is reasonable for a case filed in federal court.  Plaintiff's counsel was forced to spend time securing a judgment for Plaintiff due to Defendant's actions – its unfair debt collection practices – and later due to Defendant's inaction – failing to respond or settle the case once Plaintiff brought forth his action before this Court.   Accordingly, Plaintiff prays his attorneys are compensated for the 14.9 hours they spent litigating this case.  *See Compton v. Taylor,* 2006 WL 1789045 (S.D. TX 2006)(declining to reduce the lodestar amount and awarding attorney's fees and costs in an FDCPA case).

The hourly rates of Plaintiff's attorneys delineated in Plaintiff' Statement of Services are commensurate with the experience and training of each employee at Krohn & Moss, Ltd.  These rates are also supported by the 2010-2011 Consumer Law Attorney Fee Survey and the United States Attorney's Office's "Laffey Matrix."

     **a.**     **The experience of the attorneys at Krohn & Moss provide support for the hourly rates requested**

The experience of the attorneys that worked on behalf of Plaintiff is detailed in the declarations by K&M's attorneys.  *See* Statement of Services attached as Exhibit A and Declaration of Douglas Baek and Ryan Lee attached as Exhibit B.

     **b.**     **The rates sought by Krohn & Moss are reasonable as evidenced by the 2010-2011 Consumer Law Attorney Fee Survey**

In 2010-2011, a survey was conducted of consumer advocates across the country to determine the rates charged by attorneys practicing in the area of consumer protection by an "attorney's years in practice, location of practice, and size of firm." *See* United States Consumer Law Attorney Fee Survey Report 2010-2011 attached hereto as Exhibit M.  The attached survey supports the billing rates requested as the average billing rate data in the survey, grouped by both region and years in practice, is consistent with those rates.  For example, on page 45, the average billing rate for firms with fewer than 5 attorneys in the Texas Region is $320.00 per hour and the 95% median was $575.00. *See* Exhibit M at page 45.  This is more than the rates requested for Douglas Baek, Ryan Lee, Rory Leisinger, and Jessica Pascale.  *See* Statement of Services attached hereto as Exhibit A.  As such, the rates requested by Plaintiff's attorneys are lower and, at minimum, commensurate with this consumer Attorney's billing rates, indexed by region and therefore, should be determined by this Court to be reasonable.

> **c.**   **The rates sought by K&M are reasonable as evidenced by the United States Attorney's Office and the "Laffey Matrix."**

The Attorney's fee rates requested by Plaintiff, as detailed in Plaintiff's Statement of Services, are commensurate with the prevailing rates for attorneys that practice federal law.  As the case at bar was filed pursuant to a federal remedial statute, the FDCPA, rates charged by other attorneys practicing federal law may be compared to determine an appropriate rate.  *See Laffey v. Northwest Airlines, Inc*., 572 F. Supp. 354, 371 (D.D.C. 1983).   In *Laffey*, the court compared rates of attorneys practicing federal claims with fee-shifting provisions to reach a hybrid rate.  *Id*.   The court's analysis in *Laffey* was taken one step further by the Civil Division for the United States Attorney's Office to reflect how rates have changed over the years due to inflation.  In doing so, the United States Attorney's office created the "Laffey Matrix."  As demonstrated by the "Laffey Matrix," the rates sought by Plaintiff's attorneys here are

commensurate with recognized rates for attorneys with similar experience.  *See* Laffey Matrix 2003-2012 attached hereto as Exhibit N.

The "Laffey Matrix," when coupled with the declarations presented by Plaintiff and detailed biographies of Plaintiff's attorneys at K&M, provides conclusive evidence that the rates sought by Plaintiff' attorneys are reasonable. *See* Exhibit A.   The Laffey Matrix clearly illustrates that the rates charged by K&M are commensurate with the rates that could have been charged according to United States Attorney's Office.  *See* Exhibit M.  Based on the "Laffey Matrix" and the other authority provided to this Honorable Court in Plaintiff's Memorandum of Points and Authorities, the hourly rates sought by Plaintiff's attorneys are reasonable.

### 6.    IT IS DEFENDANT'S BURDEN TO ESTABLISH ANY REDUCTION IN ATTORNEY'S FEES.

It has generally been recognized in fee-shifting statutes that "a party advocating the reduction of the lodestar amount bears the burden of establishing that a reduction is justified." *United States Football League v. National Football League*, 887 F.2d 408, 413 (2d Cir. 1989), cert. denied, 493 U.S. 1071 (1990) (awarding $5,500,000 in fees on $3 recovery) cited in *Grant v. Martinez*, 973 F.2d  96, 101 (2d Cir. 1992).[3]  *See Laura B. Bartell, Taxation of Costs and Awards of Expenses in Federal Court*, 101  F.R.D.  553, 560-62 (1984).   The burden of proof is on the opponent to present specific evidence that a lower amount is appropriate. *See*, e.g., *United States Football League v. National Football League*, 887 F.2d 408, 413 (2d Cir. 1989); *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (fee opponent must submit evidence); and *Brinker v. Giuffrida*, 798 F.2d 661, 668 (3d Cir. 1986) ("[T]here is ordinarily no reason for a court to disregard uncontested affidavits of a fee applicant").  Accordingly, unless

---

[3] The lodestar figure represents reasonable hours times reasonable rate.  *Blanchard v. Bergeron*, 103 L.Ed. 2d 67, 76 (1989) *quoting Pennsylvania v. Delaware Valley  Citizens' Council for Clean Air*, 478 U.S. 546, 656 (1986).

Defendant is able to meet its burden, this Court should accept Plaintiff' lodestar and award the Attorney's fees and costs sought.

## IV.    CONCLUSION

In order for Plaintiff to obtain default judgment against Defendant, Plaintiff must not only satisfy the requirements of FRCP 55(a), but Plaintiff's Complaint must also contain uncontested factual allegations which, taken as true, state a viable cause of action.   Here, Plaintiff satisfied the requirements of FRCP 55(a) and demonstrated that Plaintiff's Complaint states a strong showing of relief under the FDCPA.   Furthermore, Plaintiff has satisfied the elements establishing Attorney's fees pursuant to 15 U.S.C. §1692k(a).   Therefore, this Honorable Court should enter default judgment against Defendant in the amount of four thousand six hundred and eighty-five dollars ($4,685.00), representing statutory damages in the amount of one thousand dollars ($1,000.00), 15 U.S.C. § 1692(k)(a)(2)(A), three thousand three hundred and thirty five dollars ($3,335.00) in attorney's fees plus three hundred and fifty dollars ($350.00) in costs, 15 U.S.C. § 1692(k)(a)(3).

WHISEFORE, Plaintiff, XOCHITL DIAZ, respectfully requests this Honorable Court to enter Default Judgment against Defendant, SIMM ASSOCIATES, INC. and to award Plaintiff $4,685.00 inclusive of Attorney's fees and costs.

DATED:  August 27, 2013                RESPECTFULLY SUBMITTED,


By: /s/ Ryan Lee

                Ryan Lee
                Krohn & Moss, Ltd.
                10474 Santa Monica Blvd., Suite 401
                Los Angeles, CA 90025
                Tel: (323) 988-2400, ext 241
                Fax: (866) 861-1390
                rlee@consumerlawcenter.com
                Attorney for Plaintiff